
IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

---

UNITED STATES OF AMERICA,　　　　Cause No. CR 06-39-GF-SEH

　　　　Plaintiff/Respondent,

vs.　　　　　　　　　　　　　　ORDER

KELLY MORTENSON,

　　　　Defendant/Movant.

---

## INTRODUCTION

On September 14, 2012, Defendant/Movant Kelly Mortenson, a federal prisoner appearing pro se, moved to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Mortenson has also moved for the appointment of counsel to represent her. Neither motion has merit.

## DISCUSSION

Kelly Mortenson will be generally referred to by her last name. Her first name will be used if necessary to distinguish her from her husband and co-defendant, Shaun Mortenson.

1

## I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court,* 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolaus"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings. The required review has been made.

## II. Background

The facts underlying this case first came to the attention of authorities through a domestic dispute. Mortenson's husband Shaun reported to law enforcement that Kelly was attempting to blackmail him by threatening to take his collection of child pornography to the county attorney. When officers arrived on scene, both Kelly and Shaun reported that certain binders contained child pornography. Officers obtained

2

a warrant for the residences where Kelly and Shaun had recently lived together based on their statements, some of the binders, and other evidence. The warrant was executed. Officers seized additional binders, two computers, and journals and notebooks containing pornographic stories and images, some constituting child pornography.

On April 21, 2006, Mortenson was charged with knowing possession of child pornography in the form of "computer files or printed images," a violation of 18 U.S.C. § 2252A(a)(5)(B). Indictment (doc. 1) at 1-2. Jury trial commenced on April 17, 2007. Evidence admitted at trial showed that Kelly knew Shaun maintained a large collection of child pornography in the presence of the couple's two young girls. There was also evidence showing that Kelly participated with Shaun in downloading, printing, and manipulating images constituting child pornography. *E.g.*, 1 Trial Tr. (doc. 294) at 81:4-13, 279:14-283:23; 2 Trial Tr. (doc. 295) at 545:19-546:18; 3 Trial Tr. (doc. 296) at 686:16-687:19. Following four days of trial, on April 20, 2007, the jury returned a verdict of guilty. Verdict (doc. 219) at 1.

A presentence report was prepared. The base offense level was 18. Upward adjustments were imposed for possession of material involving a person under the age of 12, the portrayal of sadistic or masochistic conduct, use of a computer, and 600 or more images. The adjusted offense level was 31. With a criminal history category

3

of I, the advisory guideline range was 108-135 months. Sentencing Tr. (doc. 299) at 24:3-16; Presentence Report ¶¶ 20-35. On August 30, 2007, Mortenson was sentenced to serve the statutory maximum term of ten years in prison, to be followed by a five-year term of supervised release. Sentencing Tr. at 38:22-39:19; Judgment (doc. 268) at 2-3.

Mortenson appealed, asserting error in the admission of certain evidence and challenging her sentence. On January 5, 2009, the Court of Appeals affirmed. Order at 4, *United States v. Mortenson*, No. 07-30355 (9th Cir. Jan. 5, 2009) (unpublished mem. disp.) (doc. 323). A petition for writ of certiorari was filed in the United States Supreme Court. It was denied on May 4, 2009. *Mortenson v. United States*, __ U.S. __, 129 S. Ct. 2173 (2009).

Mortenson's conviction became final on May 4, 2009. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653 (2012). She had one year from that date to file a § 2255 motion. 28 U.S.C. § 2255(f)(1). She signed the motion and deposited it in the prison mail system on August 28, 2012, Mot. § 2255 (doc. 338) at 20; *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (establishing prison mailbox rule).

### III. Claims and Analysis

Mortenson's motion is likely time-barred. However, it would not be possible to resolve that issue without an evidentiary hearing to determine the timing and extent

4

of her access to her own legal materials and to other legal resources. Resp. to Order (doc. 341) at 1; *see also, e.g., Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009); *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005). Consequently, the merits of her claims are considered here, irrespective of the probable time bar.

### A. First Amendment

Mortenson claims that she was convicted in violation of the First Amendment. Mot. § 2255 at 4-5. However, she was not convicted for possessing binders or for writing stories in notebooks. She was convicted because she knowingly possessed child pornography. Images Kelly or Shaun downloaded from the internet were printed and placed in the binders. Some of those images constituted child pornography. Kelly personally exercised dominion and control over those images. *E.g.*, 3 Trial Tr. at 686:16-687:19. Child pornography is not protected by the First Amendment. *New York v. Ferber*, 458 U.S. 747, 764 (1982). This claim is denied.

### B. Fourth Amendment

Mortenson also claims that she was convicted in violation of the Fourth Amendment. Mot. § 2255 at 6-7. The binders, notebooks, and computers in which the images were found were indeed protected by the Fourth Amendment, but the Fourth Amendment was not violated. Mortenson and her companion Michael Gray,

5

after claiming they intended to take some of the binders to the county attorney, voluntarily relinquished them to police. 1 Trial Tr. (doc. 294) at 45:18-48:24, 188:25-193:18, 194:11-13, 196:4-198:23. Other items, including the computers, the images recorded on them, and journals, pictures, and notebooks, were seized by execution of a valid search warrant issued in compliance with the Fourth Amendment. *See, e.g.*, 1 Trial Tr. at 225:4-21, 227:4-228:25, 244:25-254:15; 2 Trial Tr. at 313:11-320:11. This claim is denied.

### C. Tenth Amendment

Mortenson alleges that her sentence violates the Tenth Amendment. Mot. § 2255 at 8-11; *see also id.* at 14; Mot. for Counsel (doc. 338-4) at 2 ¶ IV. "[T]he Tenth Amendment does not bar Congress from enacting criminal statutes." *United States v. Geiger*, 263 F.3d 1034, 1040 (9th Cir. 2001).[1] Congress criminalizes the possession of child pornography by its authority under the Commerce Clause. U.S. Const. Art. II, § 9 (Commerce Clause); *see also* U.S. Const. Art. VI, cl. 2 (Supremacy Clause); *United States v. McCalla*, 545 F.3d 750, 756 (9th Cir. 2008). Here, the jurisdictional element was addressed by the parties' stipulation that the images

---

[1] Mortenson cites *Bond v. United States*, __ U.S. __, 131 S. Ct. 2355 (2011). The case stands for the proposition that an individual convicted under a federal statute has standing to challenge her conviction as violative of the Tenth Amendment. *Id.* at 2367. But the *Bond* Court "expresse[d] no view on the merits of that argument," *id.*, and does not change the analysis here.

6

traveled in interstate commerce. Trial Stipulation (doc. 208) at 1-2; *United States v. Wright*, 625 F.3d 583, 600 (9th Cir. 2010) (interpreting 18 U.S.C. § 2252A(a)(1)). The jury was properly instructed on the element. Jury Instructions (doc. 223) at 18. "If Congress can regulate the criminal behavior at issue under the Commerce Clause – which it can here – then a federal court can hear the prosecution. The state court's concurrent jurisdiction to prosecute does not bar this." *Geiger*, 263 F.3d at 1040-41. This claim is denied.

### D. Ineffective Assistance of Counsel and Miscarriage of Justice

Mortenson makes reference to the services of two attorneys, Eric Olson and Carl Jensen, who did not represent her in this Court. Mot. § 2255 at 12-13. Further, she alleges no action or inaction on their part that constitutes deficient performance, nor does she explain how their performance prejudiced her. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). She alleges no facts that comprise a miscarriage of justice. This claim is denied.

### E. Two-Point Reduction for Lack of Sale or Distribution

The two-point reduction in the advisory guideline calculation to which Mortenson refers, Mot. § 2255 at 3, applies only if the defendant was *not* convicted under 18 U.S.C. § 2252A(a)(5). *See* U.S.S.G. § 2G2.2(a), (b)(1). Mortenson was convicted under 18 U.S.C. § 2252A(a)(5)(B). Judgment at 1. This claim is denied.

## F. Coercion, Duress, and Lack of Propensity

Mortenson does not expressly set forth coercion, duress and lack of propensity as grounds for relief from her conviction or sentence. They nevertheless pervade her motion to the extent that it is reasonable to address them separately. *E.g.*, Mot. § 2255 at 2-3, 13, 16.

Mortenson was neither convicted nor punished for "propensity" or for behavior in which Shaun forced her to engage. She failed to produce any evidence that Shaun at any time made any threat of death or serious bodily injury, that she feared such, or that she lacked any reasonable opportunity to escape the threat. Proof of all three would be required to sustain a defense. Her own allegations, including Dr. Scolatti's report, fell far short of the legal standards required. *See* 9th Cir. Jury Instr. 6.5, 6.6 (2003) (defining coercion, duress, and compulsion). Her rhetorical question, "How is it possible that the court could ignore the conclusion of a forensic psychologist?", Mot. § 2255 at 13, exhibits a refusal to recognize the offense committed. A forensic psychologist does not focus on the legal elements of a crime. His opinion could establish neither guilt nor innocence. *Cf.* Scolatti Report (doc. 246) at 28. Jurors listened to the evidence and arguments of each side and decided whether the defendant was guilty or not guilty. They convicted her. The evidence amply supported their verdict.

8

Any claim that Mortenson is innocent, that she had a legal excuse such as coercion, duress, or compulsion, or that she should not have been convicted because she lacked "propensity" for child pornography is without merit. It is denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Mortenson's claims meets the threshold. Child pornography is not protected by the First Amendment. Evidence was either voluntarily given to police or seized by valid warrant. The Fourth Amendment was not violated. 18 U.S.C. § 2252A(a)(5) does not exceed Congress's powers under the Commerce Clause and does not violate the Tenth Amendment. Mortenson complains of the services of two attorneys who not only did not represent her in this Court but did not do anything that

9

fell outside the wide range of reasonable professional assistance. There was no prosecutorial misconduct. U.S.S.G. § 2G2.2(a) does not entitle Mortenson to a two-point reduction under U.S.S.G. § 2G2.2(b)(1). Finally, Mortenson's continuing complaint that she was compelled to knowingly possess child pornography by her co-defendant husband flies in the face of the facts. She has never articulated facts that remotely approach the elements of a viable defense of coercion, duress, or compulsion. Nor would her alleged "lack of propensity" be a defense.

Mortenson fails to make any showing that she was deprived of a constitutional right. There is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Mortenson's Motion for Appointment of Counsel (doc. 338-4) is DENIED;

2. Mortenson's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 338)) is DENIED;

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Mortenson files a Notice of Appeal;

4. The Clerk of Court shall ensure that all pending motions in this case and in

CV 12-76-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Mortenson.

DATED this 26th day of February, 2013.

Sam E. Haddon
United States District Court