IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 06-39-BMM-02 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| KELLY RUTH MORTENSON, | |
| Defendant. | |

## I.  Synopsis

Ms. Mortenson was accused of violating her conditions of supervised release by failing to successfully complete a sex offender treatment program. She admitted to the violation.  Ms. Mortenson's supervised release should be revoked.  She should be placed in custody for four months and given credit for time served, with 56 months of supervised release to follow.

## II.  Status

On April 30, 2007, a jury found Ms. Mortenson guilty of possession of child pornography. (Doc. 219.) On August 30, 2007, United States District Judge Sam E. Haddon sentenced Ms. Mortenson to 120 months of incarceration, with 60 months of supervised release to follow.  (Doc. 265.)  Ms. Mortenson's term of supervised

1

release began on July 2, 2015.  (Doc. 33.)

On August 19, 2016, the United States Probation Office filed a Report of Offender Under Supervision notifying the court that Ms. Mortenson had used a computer with Internet access. United States District Judge Brian Morris, following the recommendation of the United States Probation Office, allowed Ms. Mortenson to continue treatment. On December 10, 2015, the United States Probation office filed a Report of Offender Under Supervision notifying the court that Ms. Mortenson has attempted to download music on a computer with Internet access. Judge Morris again allowed Ms. Mortenson to continue treatment. On April 11, 2016, the court modified the conditions of Ms. Mortenson's supervision to comply with Ninth Circuit case law. (Doc. 348.)

**Petition**

On July 13, 2016, the United States Probation Office filed a petition asking the Court to revoke Ms. Mortenson's supervised release.  In the petition, the Probation Office accused Ms. Mortenson of violating Special Condition 1 of her supervised release by failing to successfully complete a sex offender treatment program. (Doc. 350.) Based on the petition, Judge Morris issued a warrant for Ms. Mortenson's arrest.  (Doc. 351.)

**Initial appearance**

Ms. Mortenson appeared before the undersigned on August 23, 2016, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied her at the initial appearance. Assistant United States Attorney Ryan Weldon represented the United States.

Ms. Mortenson said she had read the petition and understood the allegations. Ms. Mortenson waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. The hearing was set for August 23, 2016.

**Revocation hearing**

On August 23, 2016, Ms. Mortenson appeared with Mr. Aravantes before the undersigned for a revocation hearing. Mr. Weldon appeared on behalf of the United States.

Ms. Mortenson admitted that she violated the conditions of her supervised release. The violations are serious and warrant revocation of Ms. Mortenson's supervised release.

Ms. Mortenson's violation grade is Grade C, her criminal history category is I, and her underlying offense is a Class C felony. She could be incarcerated for up to 24 months. She could be ordered to remain on supervised release for 60 months

to life, less any custody time imposed.  The United States Sentencing Guidelines call for three to nine months in custody.

The United States called a witness for sentencing purposes, therapist Connie Richem.  Ms. Richem testified that she had been treating Ms. Mortenson for about a year.  Ms. Richem testified that throughout that time, Ms. Mortenson had a difficult time understanding treatment terms and completing the program's required homework.  Ms. Richem further testified that Ms. Mortenson's unauthorized contact with children and use of the Internet was especially troubling given the nature of her underlying offense.   Mr. Arvanetes did make not make a specific sentencing recommendation. However, he did share his concerns regarding Ms. Mortenson's underlying mental health issues and the lack of treatment for these issues in sex offender treatment.  Mr. Weldon recommended a sentence within the guideline range with supervised release to follow and asked the court to consider Ms. Mortenson's previous violations of the terms of her supervision.

### III.  Analysis

Ms. Mortenson's supervised release should be revoked because she admitted violating its conditions.  Ms. Mortenson should be sentenced to four months of incarceration, with fifty-six months of supervised release to follow.  This sentence would be sufficient given the seriousness of the violations but not greater than

necessary.

## IV.  Conclusion

Ms. Mortenson was advised that the above sentence would be recommended to Judge Morris.  The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Ms. Mortenson's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Ms. Mortenson's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

1.     Kelly Ruth Mortenson violated Special Condition 1 of her supervised release by failing to complete a sex offender treatment program.


The undersigned **RECOMMENDS:**

   The District Court should enter the attached Judgment, revoking Ms. Mortenson's supervised release and committing Ms. Mortenson to the custody of the United States Bureau of Prisons for four months, with fifty-six months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to

which objection is made.  The district judge may accept, reject, or modify, in

whole or in part, the Findings and Recommendations.  Failure to timely file written

objections may bar a de novo determination by the district judge, and may waive

the right to appear and allocute before a district judge.

Dated the 29th  day of August, 2016.

John Johnston
United States Magistrate Judge