IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KELLY RUTH MORTENSON,<br><br>Defendant. | CR 06-39-BMM-02<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

The United States accused Ms. Mortenson of violating her conditions of supervised release by (1) failing to complete a sex offender treatment program; and (2) knowingly being in the company of a child. She admitted to the violations. Ms. Mortenson's supervised release should be revoked. She should be placed in custody for two months, with 52 months of supervised release to follow.

## II. Status

On April 30, 2007, a jury found Ms. Mortenson guilty of possession of child pornography. (Doc. 219.) On August 30, 2007, United States District Judge Sam E. Haddon sentenced Ms. Mortenson to 120 months of incarceration, with 60 months of supervised release to follow. (Doc. 265.) Ms. Mortenson's term of supervised

1

release began on July 2, 2015. (Doc. 33.)

On August 19, 2015, the United States Probation Office filed a Report of Offender Under Supervision notifying the court that Ms. Mortenson had used a computer with Internet access. United States District Judge Brian Morris, following the recommendation of the United States Probation Office, allowed Ms. Mortenson to continue treatment. On December 10, 2015, the United States Probation office filed a Report of Offender Under Supervision notifying the court that Ms. Mortenson has attempted to download music on a computer with Internet access. Judge Morris again allowed Ms. Mortenson to continue treatment. On April 11, 2016, the court modified the conditions of Ms. Mortenson's supervision to comply with Ninth Circuit case law. (Doc. 348.)

Judge Morris revoked Ms. Mortenson's supervised release on September 14, 2016, because she had unauthorized contact with children and wrote child molestation stories. (Doc. 360.) Judge Morris sentenced her to four months in custody followed by fifty-six months of supervised release. (*Id.*) She began her current term of supervised release on November 17, 2016.

**Petition**

The United States Probation Office filed a petition asking the Court to revoke Ms. Mortenson's supervised release on December 19, 2016. (Doc. 363.)

The Probation Office accused Ms. Mortenson of violating her conditions of supervised release by (1) failing to complete a sex offender treatment program; and (2) knowingly being in the company of a child. (*Id.*) Based on the petition, Judge Morris issued a warrant for Ms. Mortenson's arrest. (Doc. 364.)

**Initial appearance**

Ms. Mortenson appeared before the undersigned on December 21, 2016, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied her at the initial appearance. Assistant United States Attorney Jeffery Starnes represented the United States.

Ms. Mortenson said she had read the petition and understood the allegations. Ms. Mortenson waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. The hearing was set for January 4, 2017.

**Revocation hearing**

Ms. Mortenson appeared with Mr. Aravantes before the undersigned for a revocation hearing on January 4, 2017. Mr. Starnes appeared on behalf of the United States.

The United States called Sex Offender Treatment Counselor Shawn Abbot as a witness. Ms. Abbot testified that she discharged Ms. Mortenson from the

treatment program because she admitted to having contact with children. Based on the testimony of Ms. Abbot and Ms. Mortenson's admission of being around children, the Court found that Ms. Mortenson violated the conditions of her supervised release. The violations are serious and warrant revocation of Ms. Mortenson's supervised release.

Ms. Mortenson's violation grade is Grade C, her criminal history category is I, and her underlying offense is a Class C felony.  She could be incarcerated for up to 24 months.  She could be ordered to remain on supervised release for 60 months to life, less any custody time imposed.  The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Arvanetes recommended a sentence below the guideline range. Ms. Mortenson addressed the Court and stated that she understands why she cannot be around children and that she wants to get her life on track and stay out of jail. Mr. Starnes recommended a sentence at the low end of the guideline range, with supervised release to follow.

### III.  Analysis

Ms. Mortenson's supervised release should be revoked because she admitted violating its conditions.  Ms. Mortenson  should be sentenced to two months of incarceration, with fifty-two months of supervised release to follow.  This sentence

would be sufficient given the seriousness of the violations but not greater than necessary.

## IV.  Conclusion

Ms. Mortenson was advised that the above sentence would be recommended to Judge Morris.  The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider her objection, if it is filed within the allotted time, before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Kelly Ruth Mortenson violated her conditions of supervised release by (1) failing to complete a sex offender treatment program, and (2) knowingly being in the company of a child. .

The undersigned **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Ms. Mortenson's supervised release and committing Ms. Mortenson to the custody of the United States Bureau of Prisons for two months, with fifty-two months of supervised release to follow.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 11th day of January 2017.

John Johnston
United States Magistrate Judge